IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH M. WEGRZYN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 10 C 2140 |
| | ) |
| JACKSON NATIONAL LIFE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Joseph M. Wegrzyn's (Wegrzyn) motion for summary judgment and Defendant Jackson National Life Insurance Company's (Jackson) motion for summary judgment. For the reasons set forth below, Wegrzyn's motion for summary judgment is granted, and Jackson's motion for summary judgment is denied.

## BACKGROUND

On August 7, 1985, Jackson allegedly issued a life insurance policy (Policy) for $100,000 to Wegrzyn's father, Martin Wegrzyn (Martin), naming Wegrzyn as the

1

beneficiary. Martin allegedly made the required quarterly premium payments up until April 27, 2009. On July 13, 2009, Jackson allegedly sent Martin a written notice (First Notice) indicating that payment to renew the Policy for another one-year term would be due on August 7, 2009, and stated on the reverse side of the Notice that failure to pay the premium would cause the Policy to lapse. Jackson allegedly did not receive a premium payment from Martin by August 7, 2009. On August 17, 2009, Jackson allegedly sent Martin another written notice (Second Notice) stating that the Policy would lapse unless the premium payment was received by September 7, 2009. Jackson allegedly did not receive the premium payment from Martin by September 7, 2009. On October 26, 2009, Martin passed away. Wegrzyn then allegedly requested payment under the Policy as the beneficiary and Jackson allegedly refused to make the payment, contending that the Policy had lapsed prior to the death of Martin. Wegrzyn has brought the instant action seeking payment under the Policy.

Wegrzyn includes in his amended complaint a breach of contract claim (Count I), a second breach of contract claim (Count II), and a vexatious and unreasonable conduct claim (Count III). On November 18, 2010, Wegrzyn voluntarily dismissed the claims in Counts II and III. Wegrzyn and Jackson have each filed a motion for summary judgment as to the remaining claim in Count I.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). In ruling on a motion for summary judgment, the court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000). When there are cross motions for summary judgment, the court should construe the evidence and all reasonable inferences in favor of the party against whom the motion under consideration is made. *Premcor USA, Inc. v. American Home Assurance Co.*, 400 F.3d 523, 526-27

(7th Cir. 2005).

## DISCUSSION

I.  Undisputed Facts

The material facts in this case are undisputed.  It is undisputed that Martin received the First Notice on or around July 13, 2009, regarding the premium payment due on August 7, 2009, and that the First Notice stated on the reverse side that "failure to pay the premium within a period of 31 days from the date listed on the reverse side will cause your life insurance policy *to lapse* . . . ."  (D SAF Par. 23-27; P R SAF Par. 24-27)(emphasis added).  It is also undisputed that Jackson did not receive the premium payment due by August 7, 2009.  (D. SAF Par. 21, 34; P R SAF Par. 28).

II.  Compliance with Section 5/234(1)

Wegrzyn argues that the First Notice failed to comply with 215 ILCS 5/234(1) (Section 5/234) and thus Jackson did not properly declare the Policy forfeited or lapsed prior to the death of Martin.  A federal court hearing a case based on diversity subject matter jurisdiction "applies the substantive law of the state in which it is sitting."  *Protective Life Ins. Co. v. Hansen*, 632 F.3d 388, 392 (7th Cir. 2011);

4

*Aguirre v. Turner Const. Co.*, 501 F.3d 825, 828 (7th Cir. 2007)(stating that when addressing an unsettled issue of state law the court must "determine how the highest court of that state would rule"); *Malone v. Bankhead Enterprises, Inc.*, 125 F.3d 535, 539 (7th Cir. 1997)(stating that "[t]he precedent from the intermediate appellate courts in Illinois . . . provides perhaps the best indication of how the Illinois Supreme Court would decide th[e] case"). Section 5/234 provides that "[n]o life company. . . shall declare any policy forfeited or lapsed within six months after default in payment of any premium installment . . . nor shall any such policy be forfeited or lapsed . . ., unless a written notice or printed notice [is sent] . . . [and] [s]uch notice shall also state that unless such premium or other sums due shall be paid to the company or its agents the policy and all payments thereon will become forfeited and void. . . ." 215 ILCS 5/234(1).

Wegrzyn argues that the First Notice did not comply with Section 5/234 because it did not expressly state that "unless such premium or other sums due shall be paid to [Jackson] the [P]olicy and all payments thereon will become forfeited and void." *Id.* Jackson argues that the statement in the First Notice that failure to pay the premium due for the Policy will "cause your life insurance policy to lapse" complies with the spirit of the notice requirement in Section 5/234.

The Illinois Supreme Court has held that "[w]hen the statutory language is

clear, [a court] must apply it as written, without resort to extrinsic aids of statutory construction" and the court "may not depart from the plain meaning of a statute by reading into it exceptions, limitations, or conditions that conflict with the expressed intent." *Snyder v. Heidelberger*, 2011 WL 2410396, at *4 (Ill. 2011); *People v. Davison*, 906 N.E.2d 545, 551 (Ill. 2009))(stating that "[w]here the language is clear and unambiguous, [the court] will apply the statute without resort to further aids of statutory construction").

It is clear from the use of the word "shall" in Section 5/234 that it is mandatory for an insurer to give the required notice in order to validly declare an insurance policy forfeited or lapsed. 215 ILCS 5/234(1). Section 5/234 provides that an insurer must warn an insured that if a due payment is not received "all payments thereon will become forfeited and void." 215 ILCS 5/234. While the statement in the First Notice that a failure to make a payment would "cause [the Policy] to lapse" generally indicates an outcome that may involve the policy being forfeited and void, the First Notice is not sufficiently precise to comply with Section 5/234. In addition, to the extent that the meaning of the language in the First Notice is unclear regarding whether it is conveyed that the Policy would become forfeited and void, under Illinois law, ambiguities in insurance policies are generally resolved in the favor of insureds. *See Hanson v. Lumley Trucking, LLC*, 932 N.E.2d 1179,

1182 (Ill. App. Ct. 2010)(stating that "[p]olicy terms that limit an insurer's liability are to be liberally construed in favor of the insured, but this rule of construction comes into play only if the policy language is ambiguous"); *First Nat'l Bank of Decatur v. Mut. Trust Life Ins. Co.*, 500 N.E.2d 1128, 1131 (Ill. App. Ct. 1986)(stating that the court "recognize[d] the abhorrence which the law holds for forfeitures and its policy to construe ambiguities in insurance contracts in favor of insureds, beneficiaries, and assignees").

Section 5/234 provides policy holders with certain protections such as the notice requirement. If Jackson desired to declare the Policy forfeited and void, then it was incumbent upon Jackson to specifically notify Martin of that fact. There would have been no burden upon Jackson to have included the precise notifications required in Section 5/234. Jackson does not offer any justification as to why it did not use the specific notifications required in Section 5/234. A general statement about the Policy lapsing will not suffice.

Also, Jackson in arguing that a warning that a policy will "lapse" is sufficient to satisfy the notice requirement in Section 5/234, ignores the plain meaning of the language in Section 5/234. Jackson fails to point to any controlling authority interpreting Section 5/234 in the fashion that he proposes. Jackson did not provide the necessary notification under Section 5/234 and must therefore accept the results.

7

The Policy was not properly declared forfeited or lapsed. Therefore, the Policy was in effect at the time of Martin's death and Wegrzyn, as the beneficiary, is entitled to payment under the Policy.

The court also notes that the result in this case is equitable for several reasons. The undisputed facts show that Martin paid the premiums for the Policy for 24 years starting in 1985 up until April of 2009. Shortly before Martin's death, he missed one premium payment and, based on that one missed payment, Jackson is attempting to deny the benefits to Martin's beneficiary. Wegrzyn also indicates that before Martin's death, Martin's daughter sent a payment on behalf of Martin to Jackson for the outstanding premium on two occasions, but that the payment was not accepted. Under the facts in this case, the law favors Wegrzyn and notions of fairness also favor providing Martin's beneficiary with the funds from the Policy for which Martin diligently paid premiums for so long. Based on the above, Wegrzyn's motion for summary judgment is granted and Jackson's motion for summary judgment is denied.

**CONCLUSION**

Based on the foregoing analysis, Wegrzyn's motion for summary judgment is granted, and Jackson's motion for summary judgment is denied.

                                                                        _____
                                                                        Samuel Der-Yeghiayan
                                                                        United States District Court Judge

Dated:   July 8, 2011